Mitchell J. Thompson
Bette D. Thompson
9831 East Veryl Place
Tucson, AZ 85749
rockyt2002@comcast.net
Plaintiffs *Pro Se*

CV17-0034 TUCJGZ

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA
Tucson Division

| | |
|---|---|
| MITCHELL J. THOMPSON and BETTE D. THOMPSON, individuals;<br><br>Plaintiffs,<br><br>v.<br><br>NATIONSTAR MORTGAGE, L.L.C., a Delaware Limited Liability Company; and DOES 1 through 10, INCLUSIVE,<br><br>Defendants. | CASE NO: _____<br><br>**PLAINTIFFS' COMPLAINT FOR:**<br><br>**VIOLATION OF THE ARIZONA CONSUMER FRAUD ACT (A.R.S. § 44-1522(A))**<br><br>JURY TRIAL REQUESTED |

COMES NOW, the Plaintiffs, MITCHELL THOMPSON and BETTE THOMPSON, (hereinafter "Plaintiffs") moves the Court for entry of Judgment in their favor against Defendant NATIONSTAR MORTGAGE, L.L.C. (hereinafter "Nationstar"); and in support of such Complaint avers as follows:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 1332(a) because the amount in controversy exceeds $75,000 and no plaintiff shares a state of citizenship

1

PLAINTIFFS' COMPLAINT

with any defendant. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c). Plaintiffs reside within the District. Defendant conducts business within the District, and a substantial part of the events and conduct giving rise to the violations of law complained of herein occurred in this District.

2. The transactions and events which are the subject matter of this Complaint all occurred within the County of Pima, State of Arizona.

3. The property located at 9831 East Veryl Place, Tucson, AZ 85749 is located in the County of Pima, Arizona. Additionally, subject matter jurisdiction is proper because the amount in controversy exceeds $75,000, the parties are completely diverse, and all of the actions alleged herein occurred within this jurisdictional district. Plaintiffs are citizens of the State of Arizona and Nationstar Mortgage, L.L.C. is a Delaware limited liability company with a principle places of business in Texas.

## **PARTIES**

4. Plaintiffs were and at all times herein mentioned are, residents of the County of Pima in state of Arizona and the lawful owner of a parcel of real property commonly known as: 9831 East Veryl Place, Tucson, AZ 85749 (hereinafter "Subject Property").

5. At all times herein mentioned, Nationstar is and was a Delaware limited liability company whose principle place of business is in Texas and whose members are domiciled in the state of Florida and at all times herein mentioned was conducting ongoing business in the state of Arizona and claims an interest adverse to the right, title and interests of Plaintiffs in Subject Property.

6. Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names and all persons unknown claiming any legal or equitable right, title, estate, lien, or interest in the property described in the complaint adverse to Plaintiffs' title, or any cloud on Plaintiffs' title thereto.  Plaintiffs will amend this complaint as required to allege said Doe Defendant' true names and capacities when such have been fully ascertained.

7. Plaintiffs are informed and believe and thereon allege that at all times herein mentioned, defendants, and each of them, were the agent and employee of each of the remaining defendants.

8. Plaintiffs allege that each and every defendant, and each of them, allege herein ratified the conduct of each and every other defendant.

9. Plaintiffs allege that at all times said defendant, and each of them, were acting within the purpose and scope of such agency and employment.

10. Whenever in this Complaint an act or omission of a corporation or business entity is alleged by Plaintiffs, the said allegation shall be deemed to mean and include an allegation that the corporation or business entity acted or omitted to act through its authorized officers, directors, agents, servants, and/or employees acting within the scope of their duties, that the act or omission was authorized by corporate managerial officers or directors, and that the act or omission was ratified by the officers and directors of the corporation (or in the case of Nationstar, the members of the limited liability company).

## JOINT VENTURE

11. At all times during the periods complained of in this Complaint, defendants, and any entities (other than Plaintiffs) claiming an interest in Subject Property were engaged in a joint venture amongst themselves and with other unknown third parties.

12. All defendants came together for the purpose of enforcing an alleged secured indebtedness upon the property of Subject Property, extracting money from Plaintiffs, and seizing Subject Property.

13. The Defendant formed this joint venture for this single mortgage and for the series of transactions necessary to enforce the extraction of money from Plaintiffs by the unlawful enforcement of this alleged mortgage. Each defendant financially benefitted, or intended to benefit from this mutual undertaking.

## JURY TRIAL DEMAND

14. Plaintiffs request a jury trial on all issues in this matter.

## FACTUAL ALLEGATIONS

15. At all relevant times, Nationstar was the servicer of a mortgage secured by the Subject Property and to which Plaintiffs are borrowers ("Mortgage").

16. Plaintiffs have paid the following amounts to Nationstar towards the Mortgage ("Unapplied Payments"):

   a. 02/08/2016      $6,111.81
   b. 08/15/2015      $6,082.47
   c. 05/14/2015      $6,082.47

17. To date, Nationstar has refused to apply the Unapplied Payments to the Mortgage. *See* Exhibit 1. As a result of Nationstar's failure to apply the Unapplied Payments, Plaintiffs have suffered detrimental reporting to credit bureaus and negative affects to their credit scores. Furthermore, the Subject Property has been subjected to harassment pertaining to the alleged mortgage default and Plaintiffs have been assessed unwarranted penalties and late fees.

18. On or about July 15, 2015, Nationstar charged Plaintiffs 15 separate charges totaling $4,194.89 ("Frivolous Charges"). Such charges are frivolous and unaccounted for. To date, Nationstar has refused to provide Plaintiff with information as to the reason the Frivolous Charges were assessed against Plaintiffs.

19. Plaintiffs have attempted to resolve this matter with Nationstar absent litigation; however, Nationstar has been unresponsive.

## COUNT I
### *VIOLATION OF THE ARIZONA CONSUMER FRAUD ACT (A.R.S. § 44-1522(A))*

20. Plaintiffs reallege and incorporates by reference paragraphs 1 to 19 of this complaint.

21. The Arizona Consumer Fraud Act The act, use or employment by any person of any deception, deceptive or unfair act or practice, fraud, false pretense, false promise, misrepresentation, or concealment, suppression or omission of any material fact with intent that others rely on such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice.

22. Defendant demonstrated deceptive practices in the following manner:

   a. On the corresponding dates, Plaintiffs paid the following amounts to Nationstar ("Unapplied Payments"):

      i. 02/08/2016      $6,111.81
      ii. 08/15/2015      $6,082.47
      iii. 05/14/2015      $6,082.47

   b. To date, Nationstar has refused to apply the Unapplied Payments to the Mortgage. As a result of Nationstar's failure to apply the Unapplied Payments, Plaintiffs have suffered detrimental reporting to credit bureaus and negative affects to their credit scores. Furthermore, the Subject Property has been subjected to harassment pertaining to the alleged mortgage default and Plaintiffs have been assessed unwarranted penalties and late fees.

   c. On or about July 15, 2015, Nationstar charged Plaintiffs 15 separate charges totaling $4,194.89 ("Frivolous Charges"). Such charges are frivolous and unaccounted for. To date, Nationstar has refused to provide Plaintiff with information as to the reason the Frivolous Charges were assessed against Plaintiffs.

23. Plaintiffs, believing their payments were being properly applied, relied on Nationstar's misrepresentations that the previously made payments were due and owing and Plaintiffs continued to make payments to Nationstar, which Plaintiffs falsely believed were keeping the Mortgage current.

24. Plaintiffs have suffered damages as an actual and proximate cause of Defendant's actions.

25. As a direct and proximate result of Defendant's actions set forth herein, Plaintiffs have suffered, and continue to suffer, harm and damages in an amount which will be proven at trial, but which are in excess of the jurisdictional minimum of this Court. Defendant's misconduct has caused Plaintiff's credit score to drop from 777 to 646 (on September 16,

2016) and 671 (on December 16, 2016). Defendants have been unjustly enriched while Plaintiffs have incurred court fees to enforce their legal rights and have suffered the slander of their representation due to the fact that illegitimate delinquent payments have been attributed to them and reported to credit reporting agencies and bureaus.

26. Nationstar's servicing of the Mortgage and misapplication of the Unapplied Payments is considered a consumer transaction within the meaning of The Arizona Consumer Fraud Act.

## PUNITIVE DAMAGES

27. Plaintiffs reallege and incorporate by reference paragraphs 1 to 26 of this complaint.

28. Plaintiffs allege that Defendant is guilty of malice, fraud and oppression and that Plaintiffs should recover, in addition to actual damages, damages to make an example of and to punish Defendant for its actions.

## DEMAND/PRAYER

WHEREFORE, Plaintiffs pray judgment as follows:

1. The Court prevent Defendant from engaging in any foreclosure activity with respect to 9831 East Veryl Place, Tucson, AZ 85749 prior to the adjudication of the claims herein.
2. That Defendant and their successors and assigns, be permanently enjoined from claiming or taking possession of the property located at 9831 East Veryl Place, Tucson, AZ 85749.

3. For an Order, restraining Defendant, and their agents, employees, officers, attorneys, and representatives from attempting to transfer title to Subject Property or holding any auction therefore;

4. For an accounting of all interest improperly paid by Plaintiffs to Defendant.

5. For an accounting of all funds due and owing to Plaintiff with respect to fees and penalties applied to Plaintiff.

6. For a declaration that the defendants have violated their licenses and all applicable laws.

7. That Plaintiffs be declared to be the prevailing party.

8. For costs of suit incurred herein.

9. For general and special damages according to proof.

10. For punitive damages in the amount of one million ($1,000,000) dollars due to Defendant's wanton and malicious misconduct leading to damage to Plaintiff's credit capacity and credit expectancy.

11. For such other and further relief as the court may deem proper.

Dated: January 18, 2017

*[signatures]*

Mitchell J. Thompson
Bette D. Thompson
9831 East Veryl Place
Tucson, AZ 85749

Plaintiffs *Pro Se*

8

PLAINTIFFS' COMPLAINT